IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY,<br>Plaintiff,<br><br>v.<br><br>VPC BUILDERS, LLC,<br>Defendant. | CIVIL ACTION NO. 1:26-cv-00145 |

**ANSWER**

NOW COMES the Defendant, VPC Builders, LLC by and through their undersigned counsel who Answers the Plaintiff's Complaint as follows:

1. The Complaint speaks for itself and is the best evidence as to what it is, for any portion of this paragraph that differs from what the Complaint actually states then the same is denied.
2. Defendant VPC Builders, LLC is without personal knowledge of the allegations set forth in Paragraph 2 of the Plaintiff's Complaint therefore the same is denied.
3. Defendant VPC Builders, LLC is without personal knowledge of the allegations set forth in Paragraph 3 of the Plaintiff's Complaint therefore the same is denied.
4. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 5 of the Plaintiff's Complaint.
6. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 6 of the Plaintiff's Complaint.
7. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 7 of the Plaintiff's Complaint.
8. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 8 of the Plaintiff's Complaint.
9. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 9 of the Plaintiff's Complaint.
10. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 10 of the Plaintiff's Complaint.
11. The CGL Policy is the best evidence of what it states and it is admitted by the Defendant. In any way that paragraph 11 differs from the actual CGL Policy the same is denied.
12. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 12 of the Plaintiff's Complaint.
13. The Umbrella Policy is the best evidence of what it states and it is admitted by the Defendant. In any way that paragraph 13 differs from the actual Umbrella Policy the same is denied.
14. Defendant VPC Builders, LLC deny the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

26. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

28. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 28 of the Plaintiff's Complaint.

29. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 29 of the Plaintiff's Complaint.

30. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 30 of the Plaintiff's Complaint.

31. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 31 of the Plaintiff's Complaint.

32. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 32 of the Plaintiff's Complaint.

33. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

34. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 34 of the Plaintiff's Complaint.

35. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 35 of the Plaintiff's Complaint.

36. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 36 of the Plaintiff's Complaint.

37. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 37 of the Plaintiff's Complaint.

38. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 38 of the Plaintiff's Complaint.

39. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 39 of the Plaintiff's Complaint.

40. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 40 of the Plaintiff's Complaint.

41. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 41 of the Plaintiff's Complaint.

42. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 42 of the Plaintiff's Complaint.

43. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 43 of the Plaintiff's Complaint.

44. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 44 of the Plaintiff's Complaint.

45. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 45 of the Plaintiff's Complaint.

46. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 46 of the Plaintiff's Complaint.

47. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 47 of the Plaintiff's Complaint.

48. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 48 of the Plaintiff's Complaint.

49. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 49 of the Plaintiff's Complaint.

50. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 50 of the Plaintiff's Complaint.

51. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 51 of the Plaintiff's Complaint.

52. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 52 of the Plaintiff's Complaint.

53. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 53 of the Plaintiff's Complaint.

54. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 54 of the Plaintiff's Complaint.

55. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 55 of the Plaintiff's Complaint.

56. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 56 of the Plaintiff's Complaint.

57. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 57 of the Plaintiff's Complaint.

58. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 58 of the Plaintiff's Complaint.

59. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 59 of the Plaintiff's Complaint.

60. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 60 of the Plaintiff's Complaint.

61. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 61 of the Plaintiff's Complaint.

62. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 62 of the Plaintiff's Complaint.

63. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 63 of the Plaintiff's Complaint.

64. Defendant VPC Builders, LLC admits the allegations contained in Paragraph 47 of the Plaintiff's Complaint.

65. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 65 of the Plaintiff's Complaint.

66. Defendant hereby incorporates by reference their answers to Paragraphs 1 through 65 of their Answer to the Plaintiff's Complaint herein as if set out in full.

67. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 67 of the Plaintiff's Complaint.

68. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 68 of the Plaintiff's Complaint.

69. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 69 of the Plaintiff's Complaint.

70. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 70 of the Plaintiff's Complaint.

71. Defendant VPC Builders, LLC denies the allegations contained in Paragraph 71 of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to plead a cause of action upon which relief can be granted and therefore should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff is barred from hearing this action as this action is now moot as evidenced by the Amended Complaint filed by Douglas Riordan against VPC Builders, LLC wherein Douglas Riordan has made claims against a number of VPC Builders, LLC's subcontractors for damages covered by the CGL Policy and the Umbrella Policy in file number 25-cv-00230-MR-WCM. A copy of this Amended Complaint is attached as Exhibit A and incorporated by reference herein as if set out in full.

### THIRD AFFIRMATIVE DEFENSE

Defendant pleads waiver, estoppel, and/or laches as a complete or partial bar to the claims asserted against the Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by waiver.

**RESERVATION AND NON-WAIVER**

Defendant gives notice that it intends to rely upon such other defenses and/or claims as may become available discovery in this case or otherwise, and hereby reserves the right to amend its Reply as necessary.

**COUNTERCLAIM**

NOW COMES the Defendant, VPC Builders, LLC, by and through their undersigned counsel who complains of the Plaintiff as follows:

**PARTIES**

1. Defendant is a North Carolina limited liability company with its principal place of business located in Avery County, North Carolina.
2. Plaintiff is an insurance company who according to their initial pleading is located in Ohio.

**JURISDICTION AND VENUE**

3. This Court has diversity jurisdiction over the two parties to this action pursuant to 28 U.S.C. § 1332.
4. The Defendant's counterclaim is for an amount greater than $75,000.00.

5. Venue is proper in the Western District of North Carolina.

## FACTUAL ALLEGATIONS

6. Defendant is a company engaged in the profession of general contracting.
7. Defendant has held the same and/or similar insurance policy with the Plaintiff since at least 2020.
8. The Defendant has and maintains a Commercial General Liability ("CGL") Coverage with Plaintiff, bearing policy numbers 194615-35370139-20 to 194615-35370139-25 with effective dates of August 29, 2020 to August 29, 2026 ("CGL Policy").
9. The Defendant has and maintains an Umbrella Policy with Plaintiff, bearing policy numbers 46-796-034-03 and with effective dates of August 29, 2020 to August 29, 2026 ("Umbrella Policy").
10. Defendant believes that they have held these policies for longer than August 29, 2020.
11. On January 3, 2022, Defendant filed a civil lawsuit against Donald W. Wallace and wife, Erika R. Wallace in Avery County Superior Court File # 22CVS000001-050.
12. The Wallaces filed counterclaims against the Defendant which were breach of contract and warranty, breach of covenant of good faith and fair dealing, unjust enrichment, negligent retention/hiring/supervision, negligence, malicious prosecution, abuse of process and slander of title. A copy of this counterclaim is attached hereto as Exhibit B.

13. Defendant gave the Plaintiff a copy of the Wallaces' counterclaims and they provided a defense and coverage over the claims.

14. Plaintiff provided a defense to Defendant based on the CGL Policy and the Umbrella Policy and more specifically it is believed upon the Subcontractor Caused Property Damage Provision of the CGL Policy.

15. Though Plaintiff sent a reservation of rights letter in the Wallaces' matter there was never any indication during the pendency of the case that coverage was an issue.

16. The Plaintiff was sued in 2024 in Guilford County file number 24CV018396-400 by Walter Pharr and wife Anna Dell Pharr. A copy of the Pharr complaint is attached hereto as Exhibit C.

17. The Pharrs' complaint alleged claims for breach of contract/express warranty, breach of implied warranty of workmanlike construction, breach of implied warranty of habitability and negligence.

18. Defendant gave the Plaintiff a copy of the Pharrs' Complaint and they provided a defense and further pled in a number of subcontractors for defect work.

19. Plaintiff again served the same reservation of rights letter in the Pharr matter as they had in the Wallace matter.

20. Plaintiff did provide the Defendant with representation.

21. A day or two before mediation, the Defendant was informed by the Plaintiff that they would not be providing any coverage over the cost of defense.

22. Plaintiff provided some funds at mediation but required that Defendant match said funds at mediation, claiming that there was no coverage for defective work done by the subcontractors and that Plaintiff was only providing their cost of defense.

23. Defendant, through separate counsel, inquired as to the Plaintiff's adjuster as to why the Plaintiff would find coverage for subcontractor defects in the Wallaces' lawsuit and not in the Pharrs' lawsuit.

24. The Plaintiff's adjuster never fully or satisfactorily replied to Defendant or its counsel as to why no coverage was provided.

25. The Defendant was sued in 2025 by Danny R. Aton and Melanie K. Aton in Caldwell County File Number 25CVS000213-130. A copy of the Aton Complaint is attached hereto as Exhibit D.

26. The Atons' alleged causes of action were for breach of contract/express warranty, breach of implied warranty of workmanlike construction and breach of implied warranty of habitability.

27. The majority of the Atons' claims centered around a subcontractor's installation of siding.

28. Defendant reported this case to the Plaintiff.

29. The Plaintiff has failed to respond to Defendant about representation.

30. The Plaintiff has failed to defend the Defendant in the Atons' complaint.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT AS TO PHARR COMPLAINT**

31. Defendant realleges and incorporates by reference their allegations contained in Paragraphs 1 through 30 of their Counterclaim herein as if set out in full.

32. Plaintiff and Defendant entered into two contracts, namely the CGL Policy and the Umbrella Policy.

33. The Defendant faithfully performed their obligations under the contracts including paying all premiums.

34. Plaintiff failed to perform its duties and obligations under the contract by failing to pay the claim in the Pharrs' lawsuit.

35. Plaintiff's failure to perform its obligations under the CGL Policy and/or the Umbrella Policy constitute a breach.

36. As a direct and proximate result of the Plaintiff's breach of the CGL Policy and/or the Umbrella Policy the Defendant has been damaged in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**

**BREACH OF CONTRACT AS TO ATON COMPLAINT**

37. Defendant realleges and incorporates by reference their allegations contained in Paragraphs 1 through 36 of their Counterclaim herein as if set out in full.

38. Plaintiff and Defendant entered into two contracts, namely the CGL Policy and the Umbrella Policy.

39. The Defendant faithfully performed their obligations under the contract including paying all premiums.

40. Plaintiff failed to perform its duties and obligations under the contract by failing to defend the Defendant in the Atons' Complaint.

41. Plaintiff's failure to perform its obligations under the CGL Policy and the Umbrella Policy constitute a breach.

42. As a direct and proximate result of the Plaintiff's breach of the CGL Policy and/or the Umbrella Policy the Defendant has been damaged in an amount to be proven at trial but greater than $75,000.00.

WHEREFORE the Defendant prays unto the Court for the following relief:

1. That the Court deny the Plaintiff's declaratory relief sought.
2. That the Court find that the Plaintiff owes the Defendant coverage in the lawsuit at issue in the Plaintiff's complaint.
3. That the Court finds that the Plaintiff breached their contracts with Defendant by their failure to pay for claims against the Defendant in the Pharrs' lawsuit.

4. That the Court orders the Plaintiff liable to Defendant for Plaintiff's failure to pay for claims in the Pharrs' lawsuit in an amount to be proven at trial.
5. That the Court finds that the Plaintiff breached their contracts with Defendant in their failure to defend the Defendant in the Atons' lawsuit.
6. That the Court orders the Plaintiff liable to Defendant for Plaintiff's failure to pay for claims in the Atons' lawsuit in amount as yet not ascertained but in excess of $75,000.00.
7. For a Trial by Jury.
8. That the costs of this action, including the Defendant's reasonable attorney's fees, be taxed against the Plaintiff.
9. For such other and further relief that this Court deems just and proper.

This the 3rd day of August, 2026.

MILLER & JOHNSON, PLLC

/s/ Nathan A. Miller

Nathan A. Miller
Attorney for Defendant
P.O. Box 49
Boone, NC 28607
828-264-1125
828-262-3544 fax
N.C. State Bar # 35451
nathan@millerandjohnsonlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send electronic notification of the filing to all counsel of record who have appeared in this action.

Respectfully submitted this the 3rd day of August, 2026.


MILLER & JOHNSON, PLLC

/s/ Nathan A. Miller
Nathan A. Miller
Attorney for Defendant
P.O. Box 49
Boone, NC 28607
828-264-1125
828-262-3544 fax
N.C. State Bar # 35451
nathan@millerandjohnsonlaw.com