EXHIBIT D

FILED

NORTH CAROLINA — IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

CALDWELL COUNTY — 2025 FEB 14 A 11:40 — 25 CVS 213

CALDWELL CO., C.S.C.

BY________

**DANNY R. ATON AND MELANIE K. ATON,**

**Plaintiffs,**

**v.**

**VPC BUILDERS, LLC,**

**Defendant.**

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

Plaintiffs, by and through their undersigned counsel, hereby alleges and says as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Danny R. Aton ("Mr. Aton") is a citizen and resident of Brevard County, Florida.

2. Plaintiff Melanie K. Aton ("Ms. Aton") is a citizen and resident of Brevard County, Florida. Mr. Aton and Ms. Aton may be referred to, collectively, a "the Atons" or "Plaintiffs."

3. Plaintiffs are informed and believe and, thereupon, allege that VPC Builders, LLC ("VPC" or "Defendant") is a limited liability company organized and existing under and by virtue of the laws of North Carolina, and which has a principal place of business in Watauga County, North Carolina.

4. The court has personal jurisdiction over the parties and subject matter jurisdiction.

5. Venue is proper in Caldwell County, North Carolina, the location of the construction project at issue in this claim.

6. This action has been filed within all applicable statutes of limitation and repose.

7. All conditions precedent to the filing of this action and the claims herein have been satisfied, have been performed, have occurred, or have been waived.

## FACTUAL ALLEGATIONS

8. At all relevant times to the allegations in this Complaint, the Atons have been the fee simple owners of 4717 Saint Marks Road, Lenoir, North Carolina (the "Property").

9. The Atons chose to construct a rental home (the "Home") at the Property.

10. The Atons met with representatives of VPC in 2022 to discuss the Home, during which time VPC represented to the Atons VPC's superior capabilities to construct projects like the Home. The Atons, based upon representations from VPC about VPC's superior quality and workmanship chose VPC to be the builder to construct the Home.

11. On or about April 19, 2022, the Atons signed VPC's Cost Plus Construction Contract (the "Construction Contract"), pursuant to which VPC agreed to construct the Home and related structures and fixtures at the Property.

12. A true and accurate copy of the Construction Contract is attached hereto as Exhibit A.

13. VPC agreed in the Construction Contract that construction of the Home would be completed in 14 months.

14. VPC failed to complete construction within the agreed upon 14-month schedule.

15. VPC, during the course of the construction of the Home, performed work in violation of code, contrary to manufacturer specifications and/or designs, and otherwise failed to complete the work in a workmanlike manner.

16. Despite repeated requests from the Atons, VPC has failed to complete and/or correct work required under the Construction Contract.

17. The construction defects arise from the failure of VPC to construct and/or supervise the construction work performed by its subcontractors, the result being that, among other things, the work was:

(a) Not performed or completed in accordance with the Construction Contract;

(b) Work was not performed in a good and workmanlike manner, free of major defects and deficiencies, or in accordance with industry standards;

(c) Work was performed in violation of NC Building Code;

(d) Work was performed in violation of manufacturer specifications; and

(e) Work deviated from the plans / designs.

18. Defects in the construction of the Home include, but are not limited to:

(a) Improper nailing of exterior siding;

(b) Improper flashing

(c) Improper fastening of ledger board at deck;

(d) Improper failure to cover zip sheathing;

(e) Improper sealing of windows;

(f) Failure to install water circulation system; and

(g) Damage to cabinetry and failure to install cabinet doors/panels.

19. Upon information and belief, some of the defective construction on the exterior of the Home is permitting water and other natural elements to enter the interior components of the Home in excess of what is intended or permitted, resulting in further damage.

20. The primary cause of the damages are defects in the construction of the building envelope of the Home.

21. The Atons are informed and believe that the defects continue to manifest themselves, and that additional defects, related damages and additional causes may be discovered

as the Atons' investigation continues.

22. VPC owed a duty to construct and/or supervise the construction of the Home in accordance with the North Carolina Building Code ("Code"), the designs, manufacturer specifications, and in a workmanlike manner.

23. The Code imposes liability on any person who constructs or supervises the construction of a structure and who violates the Code such that the violation proximately causes injury or damage.

24. The Code has the force of law and a violation of the Code constitutes negligence *per se*.

25. The Code governs the manner in which the work was supposed be installed.

26. The Code was enacted to protect owners of real property, including Plaintiffs.

27. Plaintiffs, as the owners of the Property and Home, are within the class of persons who would be foreseeably harmed if the Home was not constructed in a good and workmanlike manner, in accordance with the Code, and in accordance with the designs and the product manufacturers' recommendations.

28. Despite being provided all information regarding the numerous construction defects and opportunities to repair the defective construction, VPC has failed and refused to acknowledge the defects and remedy such damages.

29. As of the date of this Complaint, VPC has failed and refused to correct the defective construction at the Home.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract / Express Warranty)**

30. The allegations contained in paragraphs 1 through 29 of the Complaint are realleged and incorporated herein by reference.

31. The Construction Contract is a valid and enforceable contract between the Atons and VPC.

32. In the Construction Contract, VPC warranted that "all work shall meet or exceed the requirements of the North Carolina Building Code."

33. It is implied in all construction contracts that the work will be performed in a workmanlike manner, and thus was a term of the Construction Contract.

34. VPC materially breached the Construction Contract when it constructed the Home in violation of the Code and otherwise failed to construct the Home without the defects as alleged herein, and as will otherwise be identified through ongoing investigation.

35. Despite repeated requests from the Atons, VPC has failed to complete and/or correct work required under the Construction Contract.

36. The construction defects arise from the failure of VPC to construct and/or supervise the construction work performed by its subcontractors, the result being that, among other things, the work was:

(a) Not performed or completed in accordance with the Construction Contract;

(b) Work was not performed in a good and workmanlike manner, free of major defects and deficiencies, or in accordance with industry standards;

(c) Work was performed in violation of NC Building Code;

(d) Work was performed in violation of manufacturer specifications; and

(e) Work deviated from the plans / designs.

37. Defects in the construction of the Home include, but are not limited to:

(a) Improper nailing of exterior siding;

(b) Improper flashing

(c) Improper fastening of ledger board at deck;

(d) Improper failure to cover zip sheathing;

(e) Improper sealing of windows;

(f) Failure to install water circulation system; and

(g) Damage to cabinetry and failure to install cabinet doors/panels.

38. Upon information and belief, some of the defective construction on the exterior of the Home is permitting water and other natural elements to enter the interior components

39. Further, VPC breached the cost plus Construction Contract by billing the Atons in excess and/or for amount not permitted.

40. Further, VPC breached the Construction Contract by failing to complete the Home within the contractually agreed upon schedule.

41. Accordingly, as a proximate and foreseeable result of VPC's breach(es) of the Construction Contract, the Atons have suffered damages and will continue to suffer damages including, without limitation, costs to investigate and evaluate the defects and damage, costs to repair and/or correct the defects and damage, lost rental income, and other damages totaling in excess of $25,000, said amount to be proven at the trial of this matter.

## SECOND CLAIM FOR RELIEF
## (Breach of Implied Warranty of Workmanlike Construction Against VPC)

42. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43. Pursuant to the Construction Contract and by undertaking to construct the Home, VPC warranted, on an implied basis, that the construction would be done in a good and workmanlike manner, free of structural defects, in conformity with the designs, and in accordance with industry standards.

44. VPC breached the implied warranty of workmanlike construction when it constructed the Home with the defects identified above and will otherwise be discovered through further investigation that is ongoing.

45. As a proximate result of the acts and omissions of VPC and its breach of the implied warranty of workman-like construction, the Atons have suffered damages and will continue to suffer direct damages including, without limitation, costs to investigate and evaluate the defects and damage, costs to repair and/or correct the defects and damage, loss of rental income, and other damages totaling in excess of $25,000, said amount to be proven at the trial of this matter.

**THIRD CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Habitability Against VPC)**

46. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47. Pursuant to the Construction Contract and by undertaking to construct the Home, VPC warranted, on an implied basis, that the construction would be sufficiently free from major structural defects, and constructed in a workmanlike manner, so as to meet the standard of workmanlike quality prevailing at the time of construction.

48. VPC is liable to the Atons for failing to construct the new Home sufficiently free from major structural defects, and constructed in a workmanlike manner, so as to meet the standard of workmanlike quality prevailing at the time of construction.

49. VPC breached the warranty of habitability when it constructed the Home with the defects identified above and will otherwise be discovered through further investigation.

50. As a proximate result of the acts and omissions of VPC and its breach of the implied warranty of habitability, the Atons have suffered damages and will continue to suffer

direct damages including, without limitation, costs to investigate and evaluate the defects and damage, costs to repair and/or correct the defects and damage, and loss of rental income, and other damages totaling in excess of $25,000, said amount to be proven at the trial of this matter.

WHEREFORE, the Plaintiffs respectfully request:

1. That the Court enter Judgment against VPC on the claims and for the relief alleged in this Complaint;

2. That Plaintiffs have and recover of VPC compensatory damages for its breach of the Construction Contract and warranties in an amount to be proven at trial in excess of $25,000;

3. That the Court award Plaintiffs pre-judgment and post-judgment interest as provided by law;

4. That the Court award Plaintiffs their attorneys' fees and costs to the maximum extent permitted by contract and/or law;

5. That Plaintiffs have a trial by jury on all claims; and

6. That the Court award such other and further relief as it deems just and proper.

This the 13th day of February 2025.

Brett M. Becker
N.C. State Bar No. 51718
bbecker@maynardnexsen.com
*Attorneys for Plaintiffs*

OF COUNSEL:
MAYNARD NEXSEN PC
800 Green Valley Road, Suite 500
Greensboro, NC 27408
(336) 373-1600

25 CVS 213

FILED

2025 FEB 14 A 11:41

CALDWELL CO. C.S.C.

BY________

# EXHIBIT A

25 CVS 213

FILED VPC | Builders
RESIDENTIAL AND COMMERCIAL

2025 FEB 14 A COST PLUS CONSTRUCTION CONTRACT

CALDWELL CO. C.S.C.

BY

THIS AGREEMENT and the attached general conditions, schedules, specifications, and addenda which are made part hereof, by and between **VPC BUILDERS, LLC, A NORTH CAROLINA CORPORATION**, (hereinafter VPC BUILDERS, LLC) and Danny and Melanie Aton (hereinafter Owner or Owners). The parties signing this Agreement on behalf of VPC BUILDERS, LLC, and Owner(s) warrant that each of them is fully authorized by their respective parties to execute and deliver the Agreement in accordance with the terms and conditions set forth herein and any accompanying schedules or adopted change orders. Owner further warrants that he has authority to sign on behalf of all owners of the subject property.

AND FURTHER, whereas VPC BUILDERS, LLC is a North Carolina corporation engaged in the building and construction business; and whereas, the Owner(s) is desirous of retaining the services of VPC BUILDERS, LLC as contemplated by this Agreement, now WITNESSETH, based on the mutual covenants and considerations contained herein, the parties hereby contract as hereinafter described.

FOR AND IN CONSIDERATION of the provisions undertaken and contained herein, VPC BUILDERS, LLC. and Owner(s) agree as follows:

1. Scope of the Work Owner(s) agrees to purchase and VPC BUILDERS, LLC. agrees to construct a structure and fixtures attached thereto upon property located at: 4717 Saint Marks Rd, Lenoir, NC 28645 (hereinafter location). Additionally, VPC BUILDERS, LLC. shall furnish materials and perform work as specified by this contract, except as modified by written or oral agreement of the parties, to be performed on the referenced property. Specifically, VPC BUILDERS, LLC. agrees to perform the following work upon the property as set forth on the attached Exhibit A, subject to the scope and limitations contained herein. In the absence of such list of work to be performed under this contract, the scope of the work to be undertaken by VPC BUILDERS, LLC shall be any tasks directly or indirectly related to the construction, building, erecting, and raising of a structure upon Owners property as designated by the construction documents, building schedules, or change orders, within VPC BUILDERS, LLC agents and officers understanding of the work to be done and subject to acceptance of the project by VPC BUILDERS, LLC.

2. Commencement & Substantial Completion Work shall commence upon the obtainment of a building permit, or shortly thereafter. Construction time through substantial completion shall not be fixed and is estimated to be 14 months,

OWNERS INITIALS DA MA VPC BUILDERS, LLC. INITIALS W

not including delays and adjustments for delays caused by reason of holiday, inclement weather, accidents, labor or material shortages, additional time required for work performed pursuant change orders, or other unavoidable delays or delays beyond the control of VPC BUILDERS, LLC. The estimate for completion of the construction under this paragraph is not intended to bind VPC BUILDERS, LLC or its agents and is intended only for the convenience of the Owner(s).

3. Contract Price In consideration for the material and labor above described, the Owner(s) shall pay the VPC BUILDERS, LLC all costs incurred in the construction, building, and installation as well as VPC BUILDERS, LLC costs for labor, subject to additions and deductions pursuant to oral or written change orders, plus 18 percent (%) margin upon the total cost of the work. An estimate as to when certain amounts will be due and payable is attached hereto as Exhibit B, but shall not be binding upon the VPC BUILDERS, LLC and the actual cost will be maintained by the contractor. Payment shall be due upon any amount within two weeks of demand for such payment by the VPC BUILDERS, LLC in the event the Owner(s) request VPC BUILDERS, LLC to construct, build, erect, install, or otherwise act beyond the scope of the items set forth in Paragraph 1, Owner(s) agrees to further compensate VPC BUILDERS, LLC at its regular rates for such work. Such additions shall be deemed accepted only upon Contractor's agreement to do such additional work. An estimate as to labor costs per worker are scheduled, listed, and attached hereto as Exhibit C, but shall not be binding upon VPC BUILDERS, LLC and will under no circumstances operate as a waiver or forfeiture of Contractors rights under Paragraph 17 of this Agreement. The parties specifically acknowledge that due to the mountainous terrain of this area, grading, blasting, and excavating estimates are simply estimates of work which may be encountered, and such cost may vary substantially from the estimate depending upon the actual circumstances encountered.

4. Initial Payment Owner(s) and VPC BUILDERS, LLC acknowledge that the Owner(s) will pay a non-refundable sum of $25,000, upon the execution of this contract and before construction begins as a deposit and part of the purchase price of the project as described above in Paragraph 1 and further detailed in Exhibit A.

5. Progress Payments of the Contract price, including periodic payments to be made at certain

OWNERS INITIALS DA MA    VPC BUILDERS, LLC. INITIALS W

stages in the construction process, shall be paid according to the payment schedule. Material, subcontractor costs, and labor bills shall be billed and paid pursuant to the payment schedule as agreed upon by the parties. Change orders may affect a particular payment under the payment schedule, however. Specifically, any change in cost effectuated by a change order will be applied as calculated to the next immediate payment under the payment schedule. In the absence of a payment schedule, Owner(s) agrees to make payments as cost is incurred when a bill is tendered. Nothing contained herein shall prohibit VPC BUILDERS, LLC from making request for payment as often as deemed necessary by VPC BUILDERS, LLC.

6. Change Orders Owner(s) and VPC BUILDERS, LLC acknowledge that change orders may be necessary to accomplish the construction of the structure as contemplated under this Agreement. Under such circumstances as a change order is deemed necessary by the parties, said change order may be made verbally or in writing. Proposals for changes in the work must be delivered to the VPC BUILDERS, LLC. in charge of this construction project as detailed under this Agreement. Proposals for changes in the work provided only to the construction foreman will not be deemed delivered. Owner(s) acknowledge that change orders that are executed will affect the overall cost of the project and will modify and change any fixed price or estimates contained in Paragraph 3 of this contract. VPC BUILDERS, LLC. is the only party authorized to approve a change order under the agreement.

7. Time for Performance The parties agree that time is not of the essence in the completion of construction described in this contract. All parties shall act to complete the construction described within a reasonable time.

8. Insurance VPC BUILDERS, LLC will keep in force a Builders Risk Insurance Policy on the property as a means of protecting both Owner(s)' and VPC BUILDERS, LLC's interests until the completion of construction. The Builders Risk Insurance Policy shall be for the full Contract Price of this project, with project being defined as the value of the improvements set forth in the scope of work and not necessarily the value of the Owner(s) entire property, if the project is only a remodel, as protection against fire, vandalism, malicious mischief, or other forms of property damage that may occur.

9. Vendors Owner(s) may only source materials and appliances from approved VPC BUILDERS, LLC Vendors.

OWNERS INITIALS DA MA VPC BUILDERS, LLC. INITIALS W

10. Subcontractors Contractor may at its discretion engage subcontractors as may be necessary to perform under said agreement. Owner agrees to have no contact with any subcontractors except and unless with the express written permission of Contractor.

11. Retainage Upon the attainment of substantial completion in the construction process, Owner(s) may exercise the option to conduct a final walk-through with the Contractor of the substantially completed structure. In the event of such final walk-through is requested and subject at all times to the obligations and restrictions of Paragraph 11 of this Agreement, Owner agrees to be accompanied by VPC BUILDERS, LLC. General Contractor in said walk-through. During the walk-through pre-final inspection, the parties may agree to and create a punch list, a listing of final tasks to be completed to conform the structure to construction and design documents. The failure to include any item on the punch list does not relieve the contractor of his responsibility to complete the construction in accordance with this Agreement. Owner may not, however, use the pre-final inspection or any punch list to substantially or materially alter the original design or the major items of construction completed thus far in furtherance of such original design or plan. Notwithstanding the foregoing, the occupancy of the premises by the Owner or the issuance of a certificate of occupancy by the appropriate building inspector shall conclusively be deemed acceptance of the work performed by VPC BUILDERS, LLC.

12. Hindrance As structures in the process of construction may be dangerous in their unfinished condition, Owner(s) shall agree to refrain from any activities the performance of which would tend to hinder VPC BUILDERS, LLC, its agents, or employees in erecting the contemplated structure. This covenant is made in the interest of protecting persons from injury and ensuring that VPC BUILDERS, LLC is not stymied or impeded in its objectives. Inasmuch as the Owner(s) may wish to continue with regularly-conducted activity in and around the property and desires to assist with the labor of construction, VPC BUILDERS, LLC advises Owner(s), and Owner agrees, to remain as clear as possible from the areas in and around the construction by VPC BUILDERS, LLC., unless instructed otherwise by the general contractor. Although the property remains the sole and exclusive property of the Owner, Owner agrees that while this construction agreement is in effect, Owner may not enter the construction site except with VPC BUILDERS, LLC written permission or unless accompanied by VPC BUILDERS, LLC, General Contractor.

13. Parking Owner agrees to provide adequate parking for VPC BUILDERS, LLC. vehicles and all access as necessitated by the nature of the construction work to be performed in the course of the project. Parking for construction vehicles, trucks and other equipment of VPC BUILDERS, LLC shall be accommodated by Owner, except and unless parties agree otherwise to an alternate arrangement. For all access to the work location preceding, during, and after the project.

14. Construction Utilities Owner agrees to provide and pay for all power and water required by the project, as well as any temporary facilities required in the absence of such utilities at the jobsite in order to deliver such utility services from an existing location to the points of intended use.

15. Acknowledgements Owner acknowledges that due to the inherent qualities of natural building supplies, VPC BUILDERS, LLC cannot guarantee a particular pattern or specific coloration for any custom products. VPC BUILDERS, LLC can neither guarantee a certain part, piece of hardware, type of equipment, style or design of material will be available at any given time. Owner also acknowledges that VPC BUILDERS, LLC may encounter delays from suppliers which are beyond its control, and that some jobs may experience periods of delays. Owner represents and warrants that since his or her purchase of the property, the premises has not been used for the manufacture or storage of dangerous chemicals, the presence of which would pose a health threat, however minimal, to the employees of VPC BUILDERS, LLC Owner affirmatively states that there are no items of machinery or storage tanks on the premises which would emit noxious or combustible gases, including carbon monoxide, nitrogen dioxide, or any other poisonous chemical compound.

16. Force Majeure VPC BUILDERS, LLC shall not be liable for any delay due to circumstances beyond its control or force majeure, including unnatural act or public enemy, or by labor dispute or trouble, strike, riot, vandalism, sabotage, expropriation or appropriation, flood, war (whether declared or undeclared), accident when not caused by VPC BUILDERS, LLC., storm, explosion, breakdown of machinery, fuel shortage, power shortage, railroad embargo or congestion, government regulation or action, embargo or intervention, failure or delay of manufacturers or persons from whom

VPC BUILDERS, LLC is obtaining machinery, equipment, materials, or supplies to deliver the same, or other cause beyond its control, whether such other cause be of the classes herein specifically provided for or not, and whether the cause is or is not existing on the date of this Agreement.

17. Warranty VPC BUILDERS, LLC warrants, for a period of one year, that all work shall meet or exceed the requirements of the North Carolina Building Code. Other than this warranty, VPC BUILDERS, LLC makes no express warranties and no warranties of fitness for a particular purpose herein or within any other clause of this Agreement.

18. Default & Damages In the event Owner shall fail to pay any payment due herein, VPC BUILDERS, LLC may cease work without breach pending payment or resolution of any dispute. Specifically, should Owner fail to pay any monies due or to become due hereunder or should Owner fail to comply with any of its other obligations under this Agreement within fifteen (15) days from the mailing to Owner of notice of such default, VPC BUILDERS, LLC shall have the right, at its option to terminate the Agreement in which event there shall be due to VPC BUILDERS, LLC, as liquidated damages, a sum equal to the amount of one-half of the amount of one-phase of the project, or one-eighth (1/8) of the total project, whichever is greater. VPC BUILDERS, LLC may elect instead to accelerate all monies due for the unexpired remaining term of the within Agreement and to declare the same immediately due and payable. The parties hereto acknowledge and agree that, due to the difficulty in calculating lost profits and damages to the Contractor in the event of breach by the Owner, liquidated damages are an appropriate remedy for Contractor. In the alternative, and if neither liquidated damages or acceleration options are chosen in the event of breach, VPC BUILDERS, LLC reserves the right to sue for monies due under this contract in intervals or as the same accrue. If payment of any bill is not received within thirty (30) days of the date of the bill, interest shall accrue on the unpaid balance at the rate of one and one-half percent per month (18% APR). VPC BUILDERS, LLC shall also have the right to place a lien upon any real property where such products are installed as fixtures. In the event of breach by Contractor, Owner hereby waives any claims for incidental or consequential damages which may be incurred by Owner.

19. Cure of Default & Enforcement If Owner has commenced by reasonable means to cure any default not curable in fifteen (15) days, such additional time as is reasonably necessary to cure such default may be granted to Owner before Owner is adjudged in default hereunder. Contractor's failure to strictly and promptly enforce these conditions shall not operate as a waiver of Contractor rights hereunder. Contractor hereby reserves the right to enforce prompt payment of fees or other charges, or to declare the Contract breached regardless of any indulgences, or extensions previously granted to Owner. In the event Owner defaults in the performance of any of the terms, covenants, agreements, or conditions provided herein and VPC BUILDERS, LLC refers to its attorney the enforcement of this Agreement, or any part hereof, for the collection of any monies due or to become due hereunder, Owner agrees to pay such reasonable attorney fees as incurred by VPC BUILDERS, LLC.

20. Adequate Assurance In the event of the Owner repudiates this agreement or special circumstances, VPC BUILDERS, LLC shall have the right to obtain adequate assurances from Owner regarding payment for work provided, including installment payments in the discretion of VPC BUILDERS, LLC. Owner agrees and understands that if VPC BUILDERS, LLC does not receive such adequate assurances, VPC BUILDERS, LLC shall be allowed to cease further work until assurances satisfactory to VPC BUILDERS, LLC. are received. In the such event, Owner shall remain responsible to VPC BUILDERS, LLC. for the work as performed and any other sums payable pursuant to Paragraph 17 of this Agreement.

21. Bankruptcy If voluntary bankruptcy proceedings are instituted by Owner or if Owner is adjudicated a bankrupt insolvent, or if Owner makes an assignment for the benefit of its creditors, or if execution is issued against Owner, or if the interest of Owner hereunder passes by operation of law to any person other that Owner then, in any of such events, VPC BUILDERS, LLC may, at its discretion declare the Agreement breached by notice mailed by certified mail and addressed to Owner at its last known address, provided that VPC BUILDERS, LLC shall retain its lien and rights as to interest in the property, however situated, for any monies or payments due or to become due to VPC BUILDERS, LLC pursuant to this Agreement.

22. Impracticability It is stipulated that the estimates specified herein or in the attached schedules are based upon VPC BUILDERS, LLC cost of operation and construction necessary to comply

with governmental laws, rules and regulations as presently enforced. If during the term of this Agreement, there should occur a change in policy affecting enforcement of said laws, rules and regulations, whether federal, state, or of local character, or if VPC BUILDERS, LLC should incur significant additional costs in continuing to comply with such regulations, VPC BUILDERS, LLC may advise Owner of any increase in costs resulting therefrom, in which event the charges shall be adjusted to compensate VPC BUILDERS, LLC for such increased costs. In such event of increased cost of such regulations or compliance therewith, Owner will be given the option to accept such charges or to terminate the foregoing Agreement. Should such be the case, each party hereto shall be discharged of any further liability hereunder.

23. Indemnification Owner shall defend, indemnify, and hold harmless for any injury or damage to VPC BUILDERS, LLC caused by errors or omissions of surveyors, inspectors, non-associated contractors or subcontractors, individuals designated by the Owner to act on Owner behalf on any phase within the Agreement, or other third parties. Owner shall indemnify, defend, and hold VPC BUILDERS, LLC harmless against all any and all claims of injury or damages brought by Owner's surveyors, inspectors, or other individuals/companies designated by Owner to perform work on the property upon which VPC BUILDERS, LLC is constructing a structure or building.

24. Bailments & Storage In the event any items of Owner are placed in a storage location so that construction of the structure as contemplated by this Agreement may be accomplished, Owner authorizes VPC BUILDERS, LLC. to place items in storage at the premises as needed for the completion of the construction. Such relocation, if deemed necessary, is performed as a courtesy to the Owner to mitigate damage to personal property in the construction process and is neither intended to create a situation of bailment nor a bailor-bailee relationship between the parties to this agreement.

25. Financial Inquiry Owner(s) consent for VPC BUILDERS, LLC to inquire into the Owner financial background for the purpose of assurance of solvency and Owner ability to pay for the initial payment as contemplated under Paragraph 4 of this Agreement, any periodic or phase payment under Paragraph 5 of this Agreement, or any increase in cost due to a proposed change in work or approved change order made pursuant to Paragraph 6 of this

Agreement. VPC BUILDERS, LLC may not inquire into Owner financial background or status for any other reason.

26. Occupancy Owner shall not occupy the property until final payment has been received by VPC BUILDERS, LLC. Occupancy under this paragraph shall constitute unconditional acceptance of the project and a waiver of any defects or uncompleted construction. In the event that VPC BUILDERS, LLC allows owner to move any furniture or personal property into the completed structure, such permission shall not act as a waiver of VPC BUILDERS, LLC right to receive any outstanding payment under the terms of payment of this Agreement.

27. Venue This Agreement is entered into in Watauga County, North Carolina, and shall be construed in accordance with the laws of the State of North Carolina. The parties hereby agree that Watauga County, North Carolina is an appropriate venue for the resolution of any disputes arising as a result of this contract.

28. Attorney's Fees If VPC BUILDERS, LLC has to engage the services of an attorney to seek enforcement of any provision of this contract, including the collection of any monies due to VPC BUILDERS, LLC by the Owner, then VPC BUILDERS, LLC shall be entitled to their reasonable attorney's fees incurred to enforce the contract.

29. Assignment Owner may not assign, directly or indirectly, all or part of its rights or obligations under this Agreement except by mutual agreement and with written consent of all parties to this Agreement.

30. Integration This agreement represents the entire and integrated agreement of the parties and supersedes all prior negotiations, representations, or agreements, either written or oral. This agreement may only be amended by a written document duly executed by all parties. If any provision of this contract is unenforceable, invalid, or illegal, the remaining provisions will continue in full force and effect. The parties agree that both Owner and VPC BUILDERS, LLC have had the opportunity to review and have had input into the terms and conditions of this contract, and that such terms reflect the agreement of the parties including the price term set forth. As a result of the integrated terms of this Agreement, including the cost of construction, both parties agree that this contract shall not be construed against either party as draftsman.

31. Portfolio Owner agrees that VPC BUILDERS, LLC may take pictures of the property and

structure as constructed by VPC BUILDERS, LLC during construction and upon the conclusion of the work for the purposes of marketing and as part of the portfolio of work performed by VPC BUILDERS, LLC. All such pictures and reproductions shall be the sole property of VPC BUILDERS, LLC and may be used by VPC BUILDERS, LLC, its successors, or assigns, for such purposes as it deems appropriate without compensation to the Owner. VPC Builders, LLC will not disclose owner's name or address in any advertising or promotions.

32. Modifications This contract can only modified by the parties if the modification is in writing and acknowledged in writing by both the parties OR in conjunction with the procedure set forth in Paragraph 6 entitled Change Orders.

Dated, signed, and executed by VPC BUILDERS, LLC. on this, the 22 day of April, 2022.

BY: [signature]

Matthew T. Vincent

Member/Manager, VPC BUILDERS, LLC

Dated, signed, and executed by Owner(s) on this, the 19 day of april, 2022.

OWNER(S): DocuSigned by: Dan Alton
DocuSigned by: Melanie Alton

***FINAL PAGE OF AGREEMENT***

(EXCEPT EXHIBITS A, B, & C ATTACHED HERETO)

DocuSign Envelope ID: 922E8F15-8287-4DB0-96E2-CEA65CE0C8F2

VPC | Builders
RESIDENTIAL AND COMMERCIAL

FILED
2025 FEB 14 A 11:41
CALDWELL CO. C.S.C.
BY________

## EXHIBIT A: WORK TO BE PERFORMED

PROJECT: Aton Residence LOCATION: 4717 Saint Marks Rd, Lenoir, NC 28645

BUILDING/STRUCTURE: TBD residential home. Architectural plans from Lindal homes are in progress.

TYPE: Stick built

WORK SPECIFICATIONS/MATERIALS TO BE USED:

Building and construction of home at 4717 Saint Marks Rd, Lenoir, NC 28645. This includes any preconstruction services such as permits, perk tests, etc. Material kit supplied by Lindal homes will be provided to contractor.

ANY ADDITIONAL DOCUMENTS THAT WOULD AID IN THE IDENTIFICATION OF THE PROPERTY TO BE CLEANED AND/OR RESTORED, OR ANY DOCUMENTS WHICH WOULD FURTHER DESCRIBE THE WORK TO BE PERFORMED, PLEASE ATTACH HERETO TO BE INITIALED BY BOTH PARTIES.

OWNER'S INITIALS DA MA



VPC BUILDERS, LLC. INITIALS ✓

FILED
2025 FEB 14 A 11:41
CALDWELL CO. C.S.C.
BY ________

VPC | Builders
RESIDENTIAL AND COMMERCIAL

# EXHIBIT B: ESTIMATED PAYMENT SCHEDULE

PROJECT: Aton Residence ________ LOCATION: 4717 Saint Marks Rd, Lenoir, NC 28645

PAYMENT SCHEDULE:

PHASE 1 ________
PAYMENT DUE ON: JAN/FEB/MAR/APR/MAY/JUN/JUL/AUG/SEP/OCT/NOV/DEC, ____, 20____. NOTES: ________

PHASE TBD________: $ ________
PAYMENT DUE ON: JAN/FEB/MAR/APR/MAY/JUN/JUL/AUG/SEP/OCT/NOV/DEC, ____, 20____. NOTES: ________

PHASE TBD________: $ ________
PAYMENT DUE ON: JAN/FEB/MAR/APR/MAY/JUN/JUL/AUG/SEP/OCT/NOV/DEC, ____, 20____. NOTES: ________

PHASE TBD________: $ ________
PAYMENT DUE ON: JAN/FEB/MAR/APR/MAY/JUN/JUL/AUG/SEP/OCT/NOV/DEC, ____, 20____. NOTES: ________

PHASE TBD________: $ ________
PAYMENT DUE ON: JAN/FEB/MAR/APR/MAY/JUN/JUL/AUG/SEP/OCT/NOV/DEC, ____, 20____. NOTES: ________

OTHER ARRANGEMENTS ________

________

________

OWNER'S INITIALS DA ____ MA



VPC BUILDERS, LLC. INITIALS ________

DocuSign Envelope ID: 922E8F15-8287-4DB0-96E2-CEA65CE0C8F2

VPC | Builders
RESIDENTIAL AND COMMERCIAL

FILED
2025 FEB 14 A 11: 41
CALDWELL CO. C.S.C
BY ________

# EXHIBIT C: WORK TO BE PERFORMED

PROJECT: Aton Residence ________ LOCATION: 4717 Saint Marks Rd, Lenoir, NC 28645

| LABORER OR WORKER: | STANDARD RATE OF COMPENSATION: | |
|---|---|---|
| 1.Matt Vincent | $90 | PER Hour |
| 2.Project Manager | $65 | PER Hour |
| 3.Superintendent | $55 | PER Hour |
| 4.Laborer | $45 | PER Hour |
| 5.Interior Design Services | $180 | PER Hour |

ANTICIPATED SUBCONTRACTORS
SUGGESTED/REQUESTED/AGREED UPON SUB

| | | |
|---|---|---|
| BRICK MASON/STONE MASON | Y/N | TBD |
| PLUMBING SUBCONTRACTOR | Y/N | TBD |
| ELECTRICAL SUBCONTRACTOR | Y/N | TBD |
| GRADING/PAVING | Y/N | TBD |
| LANDSCAPING | Y/N | TBD |
| CARPENTRY/SPECIALIZED | Y/N | TBD |
| WOODWORKING | Y/N | TBD |
| HARDWOOD/TILE/SPECIALIZED | Y/N | TBD |
| FLOORING | Y/N | TBD |
| SEPTIC INSTALLATION | Y/N | TBD |
| SITE WORK/IRRIGATION | Y/N | TBD |
| OTHER: ________ | Y/N | TBD |

OWNER'S INITIALS DA MA



VPC BUILDERS, LLC. INITIALS W